IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

N.N., a minor, by S.S., the parent and next
friend of N.N., individually and on behalf
of others similarly situated,                                  ORDER

                        Plaintiff,

                                                     08-cv-581-bbc

     v.

MADISON METROPOLITAN SCHOOL DISTRICT,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated June 1, 2009, I granted plaintiff N.N.'s motion for class certification under Fed. R. Civ. P. 23(b)(3). I directed the parties to submit a joint proposed notice by June 21, 2009, or, if they could not agree, to each submit their own proposed notice with their objections to the other party's notice. Plaintiff failed to comply with this deadline or seek an extension for more time. Instead, she filed a motion to alter the class definition on June 25, 2009, without explaining why she waited nearly a month to do so and without acknowledging that she had missed the deadline for submitting a proposed notice.

      Although the delay in the case is unfortunate, the magistrate judge's amended scheduling order allows significantly more breathing room than before, with a dispositive

1

motions deadline of September 14, 2009, and a trial date of March 1, 2010. Further, because I am persuaded that the current class definition could leave out potential class members, I will grant plaintiff's motion.

Originally, plaintiff proposed the following class: "All students of the District who were denied transfer to another school district, for one or more of the school years from 2002-2003 through 2007-2008, pursuant to the 'racial imbalance' provisions of the District's full-time open enrollment program." Intending to clarify the definition, I modified it slightly as follows: "All students attending school in the Madison Metropolitan School District who were denied transfer to another school district, for one or more of the school years from 2002-2003 through 2007-2008, under the provisions in the district's full-time open enrollment program that limited student transfers that increase a racial imbalance."

In her motion, plaintiff says that the court's addition of the phrase "students attending school" in the Madison Metropolitan School District may exclude some children who were denied transfers by defendant. This is because some transfer requests came from the parents of children who *lived* in the district but were not attending public school there because, for example, they were being home schooled or attending school in another district and paying tuition for doing so. In addition, some requests came from parents of children who had not started school yet, because, for example, they were entering kindergarten. To address this problem, plaintiff proposes the following new class definition: "All students

2

residing in the Madison Metropolitan School District who were denied transfer to another school district, for one or more of the school years from 2002-2003 through 2007-2008, under the provisions in the district's full-time open enrollment program that limited student transfers that increase a racial imbalance."

In its response to plaintiff's motion, defendant does not argue that the new proposed class definition is inaccurate or improper. Instead, defendant objects on the ground that plaintiff should have proposed this definition in conjunction with its motion for class certification. However, it is difficult to fault plaintiff for failing to anticipate the way in which this court might modify the definition. Although plaintiff could have identified residence as a key issue in its original proposal (instead of simply using the phrase "students *of* the District"), defendant has not argued that it will be unfairly prejudiced by the change. In the absence of any harm, the most accurate definition is preferred. However, it is expected that plaintiff will take greater care in the future to comply with court deadlines.

ORDER

IT IS ORDERED that

1. Plaintiff N.N.'s motion to alter the class definition, dkt. #29, is GRANTED.

2. The class definition is AMENDED as follows: "All students residing in the Madison Metropolitan School District who were denied transfer to another school district,

3

for one or more of the school years from 2002-2003 through 2007-2008, under the provisions in the district's full-time open enrollment program that limited student transfers that increase a racial imbalance."

3. Plaintiff may have until July 27, 2009 in which to submit a proposed notice to defendant. By August 3, 2009, the parties must file a joint agreed notice, or, if they cannot agree, plaintiff should submit its proposed notice and defendant should submit its objections to that notice. Any party unable to comply with this deadline for any reason should notify the court immediately.

Entered this 20th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge