IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

N.N., a minor, by S.S., the parent and next
friend of N.N., individually and on behalf
of others similarly situated,                                   ORDER

                         Plaintiff,
                                                    08-cv-581-bbc
          v.

MADISON METROPOLITAN SCHOOL DISTRICT,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

As far as class actions go, this one looks like it should be relatively easy to litigate. There seems to be few facts in dispute, if any.  The case presents a single, discrete legal question: whether defendant Madison Metropolitan School District violated the equal protection clause by making decisions on student transfer requests on the basis of race.  The contours of the class are clearly defined (students denied transfers because of race between the 2002-2003 and 2007-2008 school years) and the size of the class is relatively small (approximately 350 people at plaintiff's last estimate).

For some reason, however, counsel for plaintiff and to a lesser extent counsel for defendant have had a difficult time keeping ahead of the case.  Originally, the magistrate

1

judge set the following schedule: motions on class certification by February 20, 2009, dispositive motions by May 22, 2009, trial on September 21, 2009. Plaintiff sought and received from the magistrate judge two extensions of time to file the motion for class certification, pushing the deadline back to April 6. On May 18, a few days after that motion became ripe, the parties moved jointly to extend the deadline for filing dispositive motions on the predictable ground that there was no longer enough time between the class certification and summary judgment stages. In response, the magistrate judge pushed back the deadline for dispositive motions several months to September 14, 2009 and trial to March 1, 2010.

Unfortunately, even this generous accommodation has not been sufficient. On June 1, I granted plaintiff's motion for class certification and directed the parties to submit a joint proposed class notice to the court by June 21, or, if they could not agree, to each submit their own proposed notices. This deadline came and went without proposed notices from either party. Instead, on June 25, counsel for plaintiff filed a request to alter the class definition, without explaining why he waited so long to do so and without acknowledging that he had missed the June 21 deadline. After I approved the amendment over an objection by defendant, I gave the parties a second chance to file a joint proposed notice or simultaneous dual proposals by August 3. Instead of doing that, the parties filed a series of proposed notices over several days, raising the question whether another round of proposed

2

notices might be coming.  Finally, on August 17, I approved plaintiff's final version of the proposed notice.  I directed plaintiff to send out the notices immediately and instruct class members to return them to the court by September 21.  I extended the summary judgment deadline to September 28.

Neither side objected to this schedule or communicated with the court for the next month.  However, on September 22 (the day after the deadline for opting out) counsel for plaintiff filed a document that he calls "Status Report and seeking guidance from the court." In this letter, counsel says that he has not yet provided notice to all class members for various reasons.  For example, plaintiff says that some notices were returned because of a change in address.  In other cases, defendant is still searching its records for necessary information.

Again, counsel for plaintiff does not explain why he waited until now to bring this problem to the court's attention and he does not request any particular relief.  He says that he "believes that a new period for giving an opt-out notice to class members may be necessary," but he does not say how much time he needs, describe the actions he intends to take to solve the problems he has discussed or identify an alternative method of notice if further attempts to provide notice by mail are unsuccessful.

To facilitate resolution of this issue, I will extend the opt-out deadline one month. Although further delay is unfortunate, it is this court's obligation to help insure that class

3

members receive proper notice.  Under Fed. R. Civ. P. 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

If counsel believes he needs more than one additional  month to provide individual notice or if he believes he needs to explore other types of notice, he should notify the court promptly.  Otherwise, by October 23, 2009, counsel should identify to the court (in a sealed document) any class members he has identified but has been unable to notify.  Unless counsel can show that the efforts he made were reasonably calculated to reach those class members, Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950), I will exclude those individuals from the class.  5 Moore's Federal Practice, § 23.102[3][b], at 23-436 n. 13 (3d ed. 2009) ("Courts have power to exclude members who do not actually receive notice.").

Plaintiffs' counsel is advised to take control of his case from this point on and anticipate problems (and their solutions) before a deadline has already passed.  Although lawyers always have a duty of adequate representation to their clients, these duties are heightened in a class action, as counsel well knows.

One other matter remains.  In the September 22 letter, counsel for plaintiff notes that "[d]efendant's counsel would prefer the summary judgment deadline be moved to a time when the class members have been identified through the opt-out process."  Defendant has

not moved to extend the summary judgment deadline and plaintiff does not explain defendant's reasoning for wanting an extension. Although a court should not decide the merits of a class action before the deadline for opting out, I see no reason why the opt-out process may not overlap with summary judgment briefing. Accordingly, the September 28 deadline for filing dispositive motions remains unchanged.

ORDER

IT IS ORDERED that the deadline for class members to opt out of the class is EXTENDED to October 23, 2009. Counsel for plaintiffs is directed to notify class members accordingly. If counsel is unable to provide notice to all identified class members, he is directed to file a sealed list of those individuals with the court on October 23. Unless counsel shows that he has taken efforts reasonably calculated to reach those class members,

I will exclude them from the class.

Entered this 24th day of September, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge